Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-220-GFVT

GEORGE LAMMERS                                                                          PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

U.S.P. BIG SANDY OFFICIALS                                                          DEFENDANTS

    George Lammers, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), has submitted a *pro se* prisoner civil rights action, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971) and a Motion to Proceed *in forma pauperis*. The Motion will be granted by separate Order.

    The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

    In screening, as always for submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff claims that the conditions of his confinement at the United States Penitentiary ("USP")- Big Sandy, in Inez, Kentucky, violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.

NAMED DEFENDANTS

The Plaintiff has listed "U.S.P. Big Sandy Officials," as the only Defendants.

RELIEF REQUESTED

Plaintiff seeks damages.

FACTUAL ALLEGATIONS

Lammers has submitted a form complaint, which directs the would-be Plaintiff to "name each person and tell what that person did." He has handwritten the following allegations:

> U.S.P. Big Sandy officials are placing things in my food and I'm getting sick eating it. Medical is denieng [sic] records of my complaints. I've tried to file grievances but no one will return them to me. They are telling me I'm crazy and delusional. They are denying me my right to petition for grievance and medical help. And I think they may be poisoning my food. This is a violation of my 1st and 8th amendments the right to petition for grievances and cruel and unusual punishment. And 14th Amendments.

Record No. 2. On the last page of his complaint, Plaintiff responds to a form question about his use of the prison's administrative remedy program prior to filing suit. He writes that he filed BP-8 and BP-9 forms[1] but "They made them disappear. They refuse to answer my grievances."

---

[1] The Court takes judicial notice that the formal administrative remedy program available at all BOP facilities is found at 28 C.F.R. §§ 542.10-.19 (1998) and it provides for the "BP" forms so identified. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (on a form known as a BP-9) to the Warden. If the inmate is not satisfied with the Warden's response, he may appeal (a BP-10 form) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b). Under this scheme, the Plaintiff's allegations are that he appealed to the level of the BOP Regional Director but not the National

On November 1, 2007, an Order issued in which the Court informed Lammers of several deficiencies in his submissions, including the absence of "[c]opies or descriptions of all grievances, requests, appeals or other documents that the Plaintiff filed about the claims in his complaint, what the response(s) were, when received, and from whom OR [i]f the plaintiff did not exhaust . . , a signed document explaining why he did not do so." Record No. 5.

In response to the Court's Order, the Plaintiff has submitted a document listing several BOP facilities at which his administrative efforts were purportedly thwarted. With regard to his use of grievances to complain of the conditions at USP-Big Sandy, he has written the following:

> I did file a BP-8 and BP-9 x2 and administration take the extended time, and then still went past their time, 9 days. I finally did receive the BP-8 and BP-9 back, that was filed against medical. But then the next day I was transferred to this prison,[2] and I also now do not have any of my property. I also filed a BP-8 at U.S.P. Big Sandy, but found out that a guard had for some reason kept the BP-8 in his pocket for a couple days, and this had also made me become more affraid [sic]. I have tried to get help everywhere, but no one will believe me. This is why I now am coming to the court for help. . . .

Record No. 9.

As to the relief requested, Plaintiff writes, "I would like for the Defendants to pay compensatory damages, emotional & punitive damages in the amount of $600,000,000.00."

## DISCUSSION

To state a claim that is cognizable as a civil rights action pursuant to Section 1331 and

---

Office. This is not exhaustion of the avenues available to him. Additionally, Plaintiff does not reveal the issue(s) he raised in the BP-8 and -9, which he filed.

[2] This response was received from the Plaintiff while being held for a short interim period in the USP-McCreary, in Pine Knot, Kentucky. His most recent communication is undated but was received in the Office of the Clerk of this Court on November 9, 2007. He has written therein, "I am now back at U.S.P. Big Sandy, and I am told that I will be going tomorrow to U.S.P. Colemane [indecipherable] in Florida." Record No. 10. He has filed nothing since then. Therefore, the Court is unsure of Lammers' current location.

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Id.* at 397. The instant Plaintiff's pleadings fall too far short of these requirements to go forward.

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under § 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)). With regard to the sufficiency of *pro se* pleadings, the Sixth Circuit has noted:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unpled allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se*

>    plaintiffs should plead with requisite specificity so as to give defendants notice);
>    *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet
>    some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Moreover, the factual allegations should be pled in detail so that defendants are apprised of the purported constitutional violation acts alleged against them and so that the defendants' personal involvement is shown to a degree that enables the defendants to defend the suit. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977). The law requires that nonconclusory allegations and specific facts showing violations of clearly established law by each defendant be alleged, or a plaintiff's complaint is subject to dismissal. *See Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) (merely conclusory allegations are insufficient).

The pleadings in the case *sub judice* have not set forth the factual basis of the alleged First, Eighth, and Fourteenth Amendment claims in a manner that gives the Defendants proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." *Id*. Despite the complaint form's specifically directing that Lammers "name each person and tell what that person did," he has identified no individual, nor has he stated what any individual did or failed to do with regard to his medical care, food, or any other topic. A *Bivens* defendant can only be held liable if he acted knowingly and participated in the unconstitutional conduct. *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978); *Sebastian v. United States*, 531 F.2d 900 (8th Cir. 1976), *cert. denied*, 429 U.S. 856 (1976).

Because he has not alleged who did what, the instant Plaintiff has failed to state a cognizable claim. Bare and conclusory allegations that a defendant deprived a plaintiff of constitutional or statutory rights are insufficient. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants; and

(2) Plaintiff's Motion for Acceptance and Subpoenas [Record No. 4] is **DENIED**, as moot.

This the 19th day of November, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge